JIM BURLESON v. THE STATE.

No. 18450. Delivered October 14, 1936.
State's Rehearing Denied January 27, 1937.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of theft from the person alleged to have been committed so suddenly as not to allow time to make resistance, and his punishment was assessed as confinement in the state penitentiary for a term of three years.

Bill of exception number one reflects the following occurrence. Appellant filed a motion for a change of venue supported by his affidavit and that of his mother and his wife as compurgators. It appears that this application for a change of venue was controverted by the State on the ground that the affiants cannot be deemed proper persons to make said affidavits because of their bias in favor of the defendant; that they were interested in the matter in controversy and on account of their relationship with the defendant, Jim Burleson, they could

not be deemed to be in a position to make the affidavits; and on the further ground that their means of knowledge of the matter stated by them in their said affidavits is insufficient to justify the statements contained therein. Upon the presentation of the motion and the controverting affidavit the court inquired of the appellant's attorney if it were true that the compurgators were the mother and wife of the appellant, and upon receiving an affirmative answer, he overruled the application without hearing evidence—to which action of the court appellant excepted and brings the matter to this court for review. Art. 562, C. C. P., 1925, specifies two grounds upon which an application for a change of venue may be based. Both of the grounds were set forth in the application for a change of venue.

The main question presented for review is whether or not the court had a right to assume as a matter of law in the absence of testimony that the mother and wife of the appellant were not credible persons within the meaning of the statute. In the case of Jones v. State, 58 Texas Crim. Rep., 313, 125 S. W., 914, this court said: "A 'credible person' contemplates a person competent to give evidence and worthy of belief, and the mere fact that a person's reputation for truth and veracity is attacked does not render him incompetent to make the affidavit (for information)." In the case of Anderson v. State, 56 Texas Crim. Rep., 360, the court said: "A credible witness is one who, being competent to give evidence, is worthy of belief." That the compurgators were competent witnesses in favor of the appellant seems to be beyond question. Whether or not they were worthy of belief should be determined from the entire testimony. If the court after hearing the testimony had determined that their means of knowledge was not sufficient to support the statements made in their affidavits or that they were not worthy of belief, an entirely different question would have been presented and the appellant might not have had any grounds of complaint. But in the instant case the court without even interrogating the compurgators or without hearing any evidence whatever overruled the application for a change of venue on the ground no doubt that they were not credible persons within the meaning of art. 562, C. C. P., 1925. The fact that the compurgators were the mother and wife of the appellant did not within itself establish that they were not credible persons. It may be that if the court had heard all of the testimony, he may have concluded that the appellant was not entitled to a change of venue and his judgment thereon

would not have been subject to review unless it was made to appear that he abused his discretion. But to deny him the opportunity of presenting his testimony in support of his application was a denial of a legal right to which he was entitled. See Smith v. State, 21 Tex. App., 277.

Having reached the conclusion that the court erred in overruling the application for a change of venue without hearing any evidence in support thereof was error, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The application for change of venue, sworn to by appellant, reads as follows (omitting the formal parts):

"* * * there exists in this county so great a prejudice against him that he cannot obtain and secure a fair and impartial trial of this cause in said county, and as well as such great prejudice existing in said county against this defendant, there is another reason in that there is a dangerous combination against him instigated by influential persons by reason of which he cannot expect to obtain a fair and impartial trial, as was contemplated by the Statutes and the Constitution of the State."

The affidavit of the compurgators, Mrs. Mattie Burleson and Mrs. Jim Burleson, omitting the formal parts, is as follows:

"* * * having this day been duly informed of the contents of the application for change of venue filed by Jim Burleson, the defendant in the above entitled and numbered cause, and being duly sworn, upon our oaths do depose and say that the facts therein stated are true; that we know of the existence of such prejudice against the defendant in this San Augustine County, Texas, and that it exists to such an extent throughout this county that we do not believe that a fair and impartial trial in this county can be had and obtained by the defendant, Jim Burleson; that there is a dangerous and outstanding combination of influential persons in this county who are against the defendant and who have been actively pushing the cause against this, and that by reason of same defendant cannot obtain a fair and impartial trial of said cause in this, San Augustine County."

The application was controverted by the district attorney in the following affidavit:

"I am acquainted with Mrs. Mattie Burleson and Mrs. Jim Burleson, whose affidavits have been filed in this cause in support of the application of Jim Burleson, the defendant, for a change of venue, and I am cognizant of their means of knowledge of the matters stated by them in their said affidavits; and that their said means of knowledge is not sufficient to support and justify the statements, contained in their said affidavits; and further, said affiants cannot be deemed proper persons to make said affidavits because of their bias in favor of defendant, to-wit: the said Mrs. Mattie Burleson is the mother of the defendant and the said Mrs. Jim Burleson is the wife of the defendant; and they are interested in the matter in controversy, and on account of the relationship of affiants to the said Jim Burleson, want to see him acquitted in this case, and because of the relationship and the interest of said affiants, they could not be deemed to be in position to make said affidavit."

By motion for rehearing the State challenges the sufficiency of the application for change of venue and the supporting affidavit as not being in strict compliance with the statute (Art. 562, C. C. P.). In order to comply therewith the exact wording of the statute need not be used as appears in Lemons v. State, 59 Texas Crim. Rep., 299, 128 S. W., 46, in which the sufficiency of the State's controverting affidavit was being considered. The State's criticism here turns upon the use in the supporting affidavit of the words "that we do not believe." It will be observed that it is stated positively in such affidavit that the affiants *know* of the existence of the prejudice and that it was of such extent that affiants *"believe"* a fair trial could not be had; furthermore, the statement is positive as to a "dangerous combination" existing against appellant. It is not believed that the failure to follow the exact language of the statute rendered the supporting affidavit subject to the criticism.

The State further contends that the bill of exception complaining of the action of the court in denying a change of venue is bad in that it fails to show affirmatively an offer of appellant to introduce proof in support of his application. The bill in question sets out the affidavit for the change and supporting affidavit and the State's controverting affidavit, then the following recital.

"The court after hearing the motion and the State's answer as above set out, with the admission on the part of the defend-

ant Jim Burleson, that the compurgators were his mother and wife, overruled said motion for change of venue without further evidence."

It is apparent from the State's controverting affidavit that the district attorney was under the impression that the relationship of the compurgators ipso facto made them not "credible persons." As we construe the bill it appears that the trial judge entertained the same view because immediately upon admission as to the relationship he overruled the application for change of venue.

The first part of the State's controverting affidavit challenged the compurgators' means of knowledge, the latter challenged their status as "credible persons" because of their kinship to appellant. It has been held that in determining the credibility of compurgators to an application for change of venue the court may inquire into the motive, intent, feelings, relationship to the party and the like, and their opportunity and means of knowledge. Smith v. State, 31 Texas Crim. Rep., 14; Dunn v. State, 7 Texas Crim. Rep., 600; Winkfield v. State, 41 Tex., 148. However, we have been cited to no authority holding that relationship alone as a matter of law would brand a compurgator as not credible. We find an expression in Davis v. State, 19 Texas Crim. Rep., 201, indicating to the contrary. In that case Yett and Oatman, with two others, had signed as compurgators a supporting affidavit for change of venue. The district attorney controverted the application and set up that Yett was related to the defendant and that Oatman was a tenant of Yett. The court said:

"It (the controverting affidavit) states that Yett is a relative of defendant. Suppose he is; certainly he may be a credible person. Oatman is alleged to be a tenant of Yett. He, too, may nevertheless be a credible person."

The trial court may have had in mind the holdings of this court with reference to "bystanders" who may not verify a bill of exception and have thus fallen into error in the ruling under consideration. See Walker v. State, 88 Texas Crim. Rep., 389, 227 S. W., 308; Hunt v. State, 89 Texas Crim. Rep., 89, 229 S. W., 869.

Believing proper disposition was made of the point under consideration in our original opinion, the State's motion for rehearing is overruled.

*Overruled.*