ENRIQUE SILVA v. STATE.

No. 24205. December 22, 1948.

Hon. M. V. Ward, Judge Presiding.

*Fryer & Milstead,* of El Paso, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted for the offense of aggravated assault and his punishment was assessed at confinement in the county jail for a period of one year.

It was charged in the complaint and information that on the 13th day of December, 1947, appellant, in the County of El Paso, State of Texas, did unlawfully commit an aggravated assault upon Miguel Navarro by then and there cutting, striking, and stabbing him with a knife, and did thereby inflict upon Miguel Navarro serious bodily injury.

Appellant challenges the sufficiency of the evidence to sustain his conviction. The record reflects that appellant did cut the injured party with a pocket knife inflicting several minor wounds and one severe wound on the thigh of one leg which severed a large artery and several of the most important muscles. The injured party was taken to the county hospital for medical treatment where he remained under the care of a physician four days and then he was taken to a hotel where Dr. Miller put the leg in a cast; that as a result of the injury to his leg he could not kneel down very well. The cut was ten inches across the leg, extending nearly to the bone.

In his charge, the court instructed the jury what would constitute a serious injury; "that it was such an injury as would give rise to apprehension, or attended with danger." This definition has been approved by this court as being correct. Under the facts of this case and the court's instruction of what con-

stitutes a serious injury, the jury found that the injury inflicted by appellant on his victim was a serious injury and the jury's verdict, under the facts of this case, is binding on this court. See Svidlow v. State, 90 Tex. Cr. R. 510 (236 S. W. 101).

Appellant brings forward four bills of exception. By Bill of Exception No. 1 he complains of the action of the trial court in declining to instruct the jury to return a verdict of not guilty. We perceive no error in the court's action in this respect.

Bills of Exception Nos. 2 and 3 complain of the action of the court in not responding to his objections to some portion of the court's charge, and particularly to the charge on self-defense. The bills fail to show reversible error. This was a misdemeanor case and a mere objection to the court's charge was not sufficient. He had to go further and submit a correct charge on the subject. See Tex. Jur., Vol. 4, page 74, Sec. 47, where many authorities on the subject are cited.

Bill of Exception No. 4 merely states that he objected to the testimony of Dr. Zingher on the ground that he was not qualified since he is not a licensed physician. We think the mere fact that he did not have a license would not authorize the court to exclude his entire testimony. It occurs to us that the objection went more to the weight of the testimony than to its inadmissibility. However, the question of whether or not a witness is sufficiently qualified to express an opinion as an expert on a question involving scientific knowledge is a matter for the court to determine after the witness has stated the time devoted to the study of that branch of science, his training, and experience. When the court is satisfied that the witness is qualified, then he is permitted to testify, unless it is shown that the court abused his discretion with respect thereto.

From what we have said, it follows that the judgment of the trial court should be affirmed and it is so ordered.

Opinion approved by the Court.