**Tod Michael LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48057.**

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Robert D. McPherson, Pampa, for appellant.

Guy Hardin, Dist. Atty., Shamrock, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

McCLOUD, Commissioner.

This is an appeal from a conviction for murder with malice. Punishment was assessed at ninety-nine (99) years.

The State's evidence shows that around 11:00 P.M. on December 31, 1972, appellant and Rodney Thomas Macon stopped for gas at a service station in Shamrock and left the station without paying for the gas. The attendant immediately notified the police. Shortly thereafter, in response to a police radio dispatch, Deputy Sheriff Carrol Copeland stopped the automobile occupied by appellant and Macon. While

Deputy Copeland was discussing the matter with the parties appellant started shooting at the officer. Deputy Copeland died as a result of the gunshot wounds. A pathologist testified that the fatal shot struck the deceased in the back at an angle which would indicate that the officer was down when struck.

Appellant did not testify or offer any evidence.

In his first ground of error appellant contends the court erred in refusing his motion for a change of venue. Appellant argues that the motion should have been granted as a matter of law because the State failed to file a controverting affidavit as required by Article 31.04, Vernon's Ann.C.C.P. The State contends appellant waived this requirement when he proceeded with a hearing on the motion and evidence was introduced, without objection, which justified the denial of the motion by the court.

In Ward v. State, 427 S.W.2d 876 (Tex. Cr.App.1968) the defendant argued that the State's controverting affidavit was insufficient. This Court said:

"The trial court heard the evidence adduced by appellant in support of his motion for change of venue and which related to the means of knowledge of the compurgators and the existence of prejudice without objection, hence any insufficiency or defect in the state's controverting affidavit was not prejudicial. Davis v. State, 19 Tex.App. 201; Lemons v. State, 59 Tex.Cr.R. 299, 128 S.W. 416."

The evidence introduced at the change of venue hearing was conflicting. Witnesses for both the appellant and State testified. At no time did appellant object and point out that the State had failed to file a controverting affidavit. We think appellant waived the defect and hold that the trial court did not abuse his discretion in overruling appellant's motion for a change of venue. Priest v. State, 162

Tex.Cr.R. 260, 284 S.W.2d 148 (1955); Tyler v. State, 163 Tex.Cr.R. 441, 293 S. W.2d 775 (1956); Wall v. State, 417 S.W. 2d 59 (Tex.Cr.App.); Cox v. State, 90 Tex.Cr.R. 106, 234 S.W. 72; 1 Branch's Ann.P.C., p. 356, § 312; McBrayer v. State, 504 S.W.2d 445, (Tex.Cr.App.1974).

Appellant next complains that the court erred in admitting photographs of the body with pointers inserted in the wounds. He argues that the pictures were inflammatory and the probative value of the pictures was not sufficient to outweigh the inflammatory aspects.

The testimony revealed that the pointers were inserted to show the angles of entry by the bullets into the body of the deceased. The State argues that the photographs were admissible to show that the deceased was apparently crawling away from appellant and such evidence showed malice and intent to kill.

This Court in Martin v. State, 475 S.W. 2d 265 (Tex.Cr.App.1972), stated:

"We hold that if a photograph is competent, material and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible."

We also cite Terry v. State, 491 S.W.2d 161 (Tex.Cr.App.); Foster v. State, 493 S. W.2d 812 (Tex.Cr.App.); Byrd v. State, 495 S.W.2d 226 (Tex.Cr.App.); Fields v. State, 500 S.W.2d 500; Kalinec v. State, 500 S.W.2d 146 (Tex.Cr.App.). See also Harrison v. State, 501 S.W.2d 668 (Tex. Cr.App.).

We overrule appellant's second ground of error.

Appellant further contends that the testimony of the State's witness Rodney Thomas Macon, an accomplice, was not properly corroborated.

Macon testified that he and appellant were returning from California on December 31, 1972, when they stopped in Shamrock at a service station for gas. They left the station, with Macon driving, without paying for the gas. The appellant was wearing a silver type motorcycle chain belt. Macon stated they were driving a light colored tan Plymouth automobile with a black vinyl top, and at that time they had three pistols in the car, a .38 revolver, a .357 magnum and a .25 automatic. Macon testified that shortly after leaving the station a deputy sheriff stopped their car. The deputy told Macon and appellant they would have to return to Shamrock and either pay for the gas or work it out. Macon stated they were starting to get back in the car when the appellant pulled out the .25 caliber pistol and started shooting. Appellant was about a foot from the deputy when he fired the first shot which was pointed at the officer's head. The witness stated that after the first shot was fired he jumped in the front seat of the car and observed appellant chasing the officer toward the front of the car. Macon saw the officer fall and stated that appellant kept firing until his gun was empty. He testified the officer returned the fire and appellant was wounded. Appellant then got in the car and Macon drove away. Shortly thereafter he drove onto a dead-end road. At this point Macon took the .38 pistol and left the car. Appellant stayed in the car. Macon ran into a pasture and later turned himself in to the officers. While in the pasture Macon stated that he threw the pistol away and later led the officers to where it had been thrown.

Article 38.14, V.A.C.C.P., provides:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

While speaking for the Court in Cherb v. State, 472 S.W.2d 273 (Tex.Cr.App. 1971), Judge Roberts said:

"The test of sufficiency of corroboration of the testimony of an accomplice witness is to eliminate the evidence of the accomplice from consideration and then examine evidence of other witnesses to ascertain if there be inculpatory evidence or evidence of incriminating character which tends to connect the accused with the commission of the offense. If there is such evidence, the corroboration is sufficient, otherwise it is not."

We will eliminate the testimony of Macon and examine other evidence in the record.

Thomas Clancey, the service station attendant, testified that two men in a yellow Plymouth or Dodge with a black vinyl top and a California license plate left his station around 11:00 P.M. on December 31, 1972, without paying for some gas they had received. He stated that the man sitting on the passenger's side of the front seat was wearing a silver looking belt over his regular belt. Clancey called the police and reported the incident.

Herbert Stacy, the police dispatcher, stated that he received the report from the attendant and put out a radio dispatch at 11:11 P.M. which was answered by Deputy Carrol Copeland.

Carl Knoll testified that he was a city patrolman in Shamrock on December 31, 1972, and he also heard the radio dispatch. He heard Deputy Copeland reply. Knoll was also pursuing the car but Deputy Copeland was ahead of him. Knoll testified he heard Deputy Copeland report over the radio that he had stopped the car and a few minutes later he heard Deputy Copeland say "send an ambulance." Knoll arrived on the scene shortly after the shooting and testified that Deputy Copeland said "I hit one." At the scene, Knoll found an empty .25 caliber cartridge.

Don Copeland, a Texas Highway Patrolman, testified that he found a silver metal chain belt at the scene.

Dr. J. R. Daniel, a pathologist, testified that he removed a bullet from the body of the deceased.

Edward Thompson, an Oklahoma Highway Patrolman, testified that he first saw appellant standing by his car at a roadblock on January 1, 1973, near Sayre, Oklahoma. Thompson arrested appellant and a search of the car revealed a .357 magnum and a .25 caliber pistol. Appellant was by himself at that time. The officer testified that appellant was bleeding. Thompson found a box of .25 caliber shells on appellant.

Billy Redmon, a deputy sheriff, testified that the .25 caliber pistol was found on the passenger side of the car.

Joe Urbanovsky, a chemist employed by the Texas Department of Public Safety, testified he found type "O" human blood on pants which the evidence showed were worn by appellant at the time of his arrest, and also found type "O" human blood on the .25 caliber pistol which the evidence showed was taken from the car at the time of appellant's arrest. The chemist testified that a blood sample showed that Macon had type "A" blood.

The evidence showed that Charles Bradley, a firearms examiner for the Texas Department of Public Safety, examined the bullet taken from the deceased, the empty cartridge found at the scene, and the .25 caliber automatic pistol found in the car when appellant was arrested. Bradley testified that the bullet and the empty cartridge were fired from the .25 caliber pistol which the evidence showed was found in the car when appellant was arrested.

 We hold that the evidence is sufficient to corroborate the testimony of the accomplice. We also overrule appellant's last ground of error that the evidence is insufficient to sustain the conviction.

We have considered all of appellant's grounds of error and all are overruled. The judgment of the trial court is affirmed.

Opinion approved by the Court.