**Fred T. DURROUGH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57347.**

Court of Criminal Appeals of Texas, En Banc.

March 8, 1978.

Gerald H. Goldstein, Van G. Hilley, San Antonio, court appointed, for appellant.

Bill M. White, Dist. Atty., Charles T. Conaway, Lucien B. Campbell and Bennie F. Steinhauser, Jr., Asst. Dist. Attys., San Antonio, for the State.

OPINION

ODOM, Judge.

This is an appeal from a conviction for capital murder in which the death penalty was assessed.

We are confronted at the outset with glaring error that requires reversal under a long line of well-established precedent. Some cases present close issues, but this is not such an issue: the law here is clear, and leaves no alternative but to reverse the conviction and to remand this capital punishment case for a new trial.

The only ground of error we need to address asserts:

"The trial court erred in failing to grant a change of venue upon proper motion by appellant in compliance with Article 31.03, T.C.Cr.P., when same was

uncontroverted by the State either in the form of affidavit or other evidence presented to contest said venue issue."

The record clearly supports appellant's contention. Appellant filed his motion for change of venue under Art. 31.03, V.A.C. C.P., supported by his own affidavit and the affidavits of two residents of the county, asserting that there existed in the county so great a prejudice against him that he could not obtain a fair and impartial trial in that county. Art. 31.03(1), supra. The record also reflects that the motion was timely presented to the trial judge and that he overruled the motion without hearing any evidence.

Although the State could have joined issue with appellant by filing controverting affidavits under Art. 31.04, V.A.C.C.P., this was not done. Had the State taken such action, the court would have heard evidence and the burden would have been on appellant to prove the existence of prejudice. *James v. State*, Tex.Cr.App., 546 S.W.2d 306; *Adami v. State*, Tex.Cr.App., 524 S.W.2d 693. Here, as in *Skillern v. State*, Tex.Cr.App., 559 S.W.2d 828, the State utterly failed to take the steps necessary to rebut the presumption of harm created by appellant's sworn motion and affidavits. *Skillern v. State*, supra, at 830 and 833. The State in its brief on appeal acknowledges that the cases of *Flores v. State*, Tex.Cr.App., 493 S.W.2d 785 (1973), and *Wall v. State*, Tex.Cr.App., 417 S.W.2d 59 (1967), stand for the rule that a motion for change of venue that complies with Art. 31.03, supra, and that is uncontroverted by the State, entitles the accused to a change of venue as a matter of law. The case before us is controlled by that rule.

Both *Flores* and *Wall* are recent cases and were decided by unanimous courts. The rule, however, is not of recent origin. It stems from the earliest days of this Court. In *Davis v. State*, 19 Tex.App. 201, 222 (1885), Judge Hurt, speaking for a unanimous court, wrote on this matter with these words:

"   .   .   . if there be no affidavit of a credible person made controverting the affidavit of the defendant's supporting affidavits, the change [of venue] must be granted, because there is no issue between the parties."

Again, Judge Hurt, writing in *Carr v. State*, 19 Tex.App. 635, 655–656 (1885), in which the defendant alleged both statutory grounds for a change of venue and the State's affidavits only controverted one of those two grounds, said:

"There is, therefore, no issue between the state and the defendant upon the existence of such prejudice in the county as will prevent the defendant from obtaining a fair and impartial trial. This being the case, he was entitled to a change of venue."

In *Cox v. State*, 90 Tex.Cr.R. 106, 234 S.W. 72 (1921), the rule was stated:

"The presentation of an application for change of venue, properly verified, makes it incumbent upon the trial judge to change the venue, unless the application is controverted in the manner prescribed by statute, or unless the controverting affidavit is waived by the accused, and evidence heard justifying the denial of the motion. *Moore v. State*, 46 Tex.Cr.R. 57, 79 S.W. 565; *Carr v. State*, 19 Tex. App. 656, 39 Tex.Cr.R. 573; *Davis v. State*, 19 Tex.App. 222; *Logan v. State*, 39 Tex.Cr.R. 573, 47 S.W. 645; *Lemons v. State*, 59 Tex.Cr.R. 299, 128 S.W. 416."

In the instant case the State filed no controverting affidavits, and the trial court heard no evidence on the motion. Appellant was entitled to a change of venue as a matter of law.

The right protected by the statute is fundamental to our system of justice. The underlying constitutional basis for the statute and its application was well expressed by Judge Davidson in *Randle v. State*, 34 Tex.Cr.R. 43, 28 S.W. 953 (1894), and, although lengthy, that statement warrants repeating today:

"Our bill of rights provides that the accused in all criminal prosecutions 'shall have a fair trial by an impartial jury.' Article 1, Sec. 10. This language is of no doubtful significance. The trial shall be

'fair,' and the jury 'impartial.' 'Impartial' means 'not partial; not favoring one party more than another; unprejudiced; disinterested; equitable; just. Jove is impartial, and to both the same.' Webst. Dict. As thus defined, 'impartial' evidently means not favoring a party or an individual because of the emotions of the human mind, heart, or affections. It means that, to be impartial, the party, his cause, or the issues involved in his cause should not, must not, be prejudiced. The accused in this state, under our constitution and laws, is entitled to a 'fair trial by an impartial jury'; and there is no other method provided by which an accused can be tried and punished. Looking to this supreme end, the constitution has further ordained that 'the power to change the venue in civil and criminal cases shall be vested in the courts, to be exercised in such manner as shall be provided by law; and the legislature shall pass laws for that purpose.' Const. art. 3, Sec. 45. This provision of the constitution, when applied to criminal causes, could have been ordained but for the purpose of guarantying 'a fair trial by an impartial jury,' provided for by the bill of rights. Any other interpretation would render it meaningless, unless, 'as sounding brass or tinkling cymbal.' In pursuance of and in obedience to these high commands of the constitution, the legislature enacted that 'a change of venue may be granted on the written application of the defendant, supported by his own affidavit and the affidavit of at least two credible persons, residents of the county where the prosecution is instituted, for either of the following causes, the truth and sufficiency of which the court shall determine: (1) That there exists in the county where the prosecution is commenced so great a prejudice against him that he cannot obtain a fair and impartial trial. (2) That there is a dangerous combination against him instigated by influential persons, by reason of which he cannot expect a fair trial.' Code Cr.Proc. art. 578. The single and only purpose for which this law was enacted was to secure the accused the right to 'a fair and an impartial trial,' which is the 'fair trial by an impartial jury' guarantied by the bill of rights. This statute realizes and is based upon the fact that there may be 'so great a prejudice' or such 'a dangerous combination' against the accused existing in the county in which the prosecution is instituted that he cannot obtain, or will be deprived of, 'a fair and an impartial trial.'

\* \* \* \* \* \*

" . . . it frequently occurs that good men, honest citizens, swear that the accused cannot obtain a fair trial because of prejudice in the county. Ignorant people, persons uninformed as to the legal methods provided for obtaining juries, become apparently astonished at such affidavits, and inquire if it be true that 12 honest, fair men cannot be found in a county with whom to try the accused. Such questions, by their frequency of occurrence, have almost ceased to cause surprise, but evidence a wonderful degree of ignorance. If the accused be accorded the right to select his friends, or those by whom he is willing to be tried as jurors, from the county, independently of the right of the state to participate in such selection, then it might be safely asserted that motions for change of venue, as a matter of act, would be unknown to the practice in this state. But this is not true, and should not be; hence the jury must be selected under the rules and by the methods prescribed by law, and all laws in regard to changes of venue are enacted with a view to this fact. As has been forcefully said by the supreme court of Iowa in *State v. Nash,* 7 Iowa 347, 371: 'The right to speedy and public trial by an impartial jury is guarantied by the constitution of this state to all persons accused of crime. It becomes us not to place a light estimate upon a right secured to us by such high authority. It is important to maintain the usefulness of our whole judicial system, that no suspicion of popular excitement in the administration of the law should be allowed to impair the public confidence in the fair-

ness and impartiality of judicial proceedings. An excited state of public feeling and opinion is always the most unfavorable for the investigation of truth. Not only should the mind of the jury be wholly without bias and prejudice, it should not only be free from all undue feeling and excitement in itself, but it should be as far as possible removed from the influence of prejudice and feeling and excitement in others. A circumstance of small importance in itself may often, in the midst of a community stirred by passion and excitement, serve to turn the scales of justice. It is a difficult matter for a court in all cases to draw the true line of distinction, and to say when there is and when there is not such a state of popular feeling and prejudice as to prevent a fair and impartial trial. Every case must be judged by its own circumstances. * * There is, however, to be guarded against, a feeling and a prejudice not only within but without the jury box; and a jury, however right their intentions, are not always proof against the sympathies of the crowd. Influence of popular excitement and prejudice is too strong for the strongest resolution.' "

It should be clear to all familiar with our criminal justice system, and with the statutory and case law applicable to the issue before us, that the law leaves no alternative but to reverse this capital felony conviction and remand the case for a new trial.

The judgment is reversed and the cause remanded.

DOUGLAS, J., concurs in the result.