Buddy Ray HUSSEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 58459.

Court of Criminal Appeals of Texas,
Panel No. 2.

Dec. 12, 1979.

**506**

Charles M. McDonald, Waco, for appellant.

Felipe Reyna, Dist. Atty., and Lynn W. Malone, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at 60 years.

In his third ground of error appellant contends the trial court erroneously denied his motion for change of venue filed pursuant to Art. 31.03, V.A.C.C.P. The motion, properly supported by affidavits of two persons, was presented at a hearing on pretrial motions held on February 14, 1977, and was denied without an evidentiary hearing even though no controverting affidavits had been filed by the State under Art. 31.04, V.A.C.C.P. Trial commenced two weeks later on February 28.

■ Under well-established precedent, as discussed in *Durrough v. State,* 562 S.W.2d 488 (Tex.Cr.App.), and *Stapleton v. State,* 565 S.W.2d 532 (Tex.Cr.App.), appellant was entitled to a change of venue as a matter of law when the State failed to contest the application by controverting affidavits or by evidence presented at a hearing on the motion, and the trial court's ruling constituted reversible error.

In its reply brief the State argues that appellant's motion does not properly allege "a dangerous combination against him instigated by influential persons, by reason of which he cannot expect a fair trial," as contemplated by Art. 31.03(2), supra. The cases cited by the State, however, address the sufficiency of the evidence to show such a "dangerous combination" when a hearing on the motion was in fact held. Here no hearing was held. The issue here concerns denial of a motion without a hearing.

■ *Burleson v. State,* 131 Tex.Cr.R. 576, 100 S.W.2d 1019, held that the application for change of venue and supporting affidavit need not follow the exact wording of the statute. The application in that case recited:

"... there is a dangerous combination against him instituted by influential persons by reason of which he cannot expect to obtain a fair and impartial trial, as was contemplated by the Statutes and the Constitution of the State."

Appellant's application in this case alleged

"... there exists in the county where the prosecution is commenced a dangerous combination against him instigated by influential persons, by reason of which he cannot expect a fair trial. In this connection it is shown to the Court that the District Attorney's Office of McLennan County, Texas, and her personnel, in particular Mr. Gary Coker, the Assistant District Attorney trying this case, have such a dislike and hatred for this defendant, that this defendant cannot expect to get a fair trial, and the District Attorney and his assistants consciously and in good faith cannot carry out the responsibilities and commands of Article 2.01, V.A.C.C.P."

The affiants swore:

"... that in our opinions, there does in fact exist in McLennan County, Texas, a dangerous combination against the defendant instigated by influential persons, by reason of which the defendant cannot expect a fair trial in McLennan County, Texas."

The application was sufficient to comply with Art. 31.03, supra, even though it went beyond the statutory language in its allegations. It cannot be denied that members of the prosecutor's office can be the source of such injury as alleged. The allegations here are much more than the mere fact of a "swift prosecution" as was held insufficient to prove a dangerous combination in *Myers v. State,* 77 Tex.Cr.R. 239, 177 S.W. 1167, cited by the State. The trial court reversibly erred when it denied appellant's uncontroverted application.

The judgment is reversed and the cause remanded.