Joseph Paul TURNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–81–00317–CR.

Court of Appeals of Texas,
El Paso.

Sept. 8, 1982.

Discretionary Review Refused
Dec. 22, 1982.

Dave P. Dolezal, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., John B. Calhoun, Asst. Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, P.J., and WARD and SCHULTE, JJ.

OPINION

WARD, Justice.

This is an appeal from a conviction for escape. The jury assessed punishment at fifteen years confinement and a fine of $10,000.00. We reverse.

■ In Ground of Error No. One, Appellant contends that the court erred in introducing into evidence State's Exhibit Sixteen, a screwdriver allegedly used as a weapon in Appellant's escape from the El Paso County Jail. Appellant argues that the officer who initially seized the screwdriver was unable to identify the exhibit with absolute certainty, thereby rendering it inadmissible. The contention is without merit. Officer Manuel Rueta testified that he and his partner were dispatched to the county jail to assist in recapturing five escaped inmates. Rueta encountered Appellant on the stairs inside the building. He thrust him against the wall, frisked him, and removed a sharpened screwdriver from his clothing. He turned the screwdriver over to Officer Robert Feverstein at the scene. At trial, Rueta testified that State's Exhibit Sixteen appeared to be the same screwdriver. He recognized the black rubber portion of the handle and the filed point. Officer Feverstein testified that the exhibit was the screwdriver he received from Rueta. He identified it by his initials which he placed on the screwdriver immediately after receiving it from Rueta. The evidence was sufficient to justify the admission of the screwdriver. *Atkins v. State,* 515 S.W.2d 904, 906 (Tex.Cr.App. 1974); *Anderson v. State,* 504 S.W.2d 507, 510 (Tex.Cr.App.1974); *Sherman v. State,* 501 S.W.2d 649 (Tex.Cr.App.1973). Ground of Error No. One is overruled.

In Ground of Error No. Two, Appellant asserts that it was error to permit the State to introduce evidence that he was incarcerated for the offense of capital murder at the time of the alleged escape. He contends that it was only necessary to prove that he was in custody as a result of a felony, and that the greater specificity only served to inflame the minds of the jury in regard to the merits of the escape charge. He cites no authority for his position.

■ The indictment specified that Appellant had been in custody under a charge of capital murder. Having alleged the specifics of Appellant's custody, the State was bound to prove them. Appellant's status at the time he engaged in conduct leading to prosecution for escape is analogous to subsidiary *res gestae* offenses which may be introduced as part of the context in which an indicted offense takes place. Appellant was aware of his status at the time he engaged in the conduct and can thank himself for the exposure of that status to this jury. In *Booker v. State,* 523 S.W.2d 413 (Tex.Cr.App.1975), the appellate court found no error in an escape indictment which specified a burglary charge as the basis for the defendant's custody. Ground of Error No. Two is overruled.

In Ground of Error No. Three, Appellant asserts that the trial court erred in denying his motion for change of venue. Before trial, Appellant filed the motion and proper supporting affidavits under Article 31.03 of the Code of Criminal Procedure. The State filed two controverting affidavits by members of the District Attorney's investigative staff, under Article 31.04. On the morning of trial, Appellant moved for a ruling on his motion. He advised the trial court that he was entitled to the change as a matter of law because the controverting affidavits were fatally insufficient under Article 31.04, and therefore his motion and affidavits were uncontroverted. *McManus v. State,* 591 S.W.2d 505 (Tex.Cr.App.1979); *Fields v. State,* 627 S.W.2d 714, 719 (Tex.Cr.App. 1982); *Hussey v. State,* 590 S.W.2d 505 (Tex.Cr.App.1979); *Durrough v. State,* 562 S.W.2d 488 (Tex.Cr.App.1978).

■ Appellant moved to strike the State's affidavits on three grounds: the affiants were employees of the District Attorney's staff; the affiants acted as notaries for each other; the affidavits did not attack the credibility of the Appellant's affiants or their means of knowledge. The first two grounds are without merit. *Roy v. State,* 608 S.W.2d 645 (Tex.Cr.App.1980); *Mansell v. State,* 364 S.W.2d 391 (Tex.Cr. App.1963). We are persuaded, however, that the third ground is valid.

In response to Appellant's supporting affidavits, the State filed two "controverting" affidavits. Neither of these addressed the two issues set out in Article 31.04; that is, they did not attack in any manner the credibility of Appellant's affiants or their means of knowledge with regard to community sentiment. Instead, the State's affidavits merely expressed disagreement with the opinions expressed in support of the motion for change of venue. They go on to express the view that there was no dangerous combination working against a fair trial and that community sentiment was such that Appellant could receive a fair trial. They also provide a basis for their position.

■ The ultimate question to be answered, in the context of Appellant's motion, is whether public sentiment and/or a dangerous combination of influential persons existed to deprive Appellant of a fair trial. The State's affidavits certainly provide an opposite or controverting view from those of the Appellant. Is this sufficient to establish a fact issue for resolution by the trial court, preventing Appellant from obtaining a change of venue as a matter of law? That question necessitates a clear definition of the purpose of the controverting affidavits. In the scheme of Articles 31.03 and 31.04, the former article provides a vehicle for a defendant to challenge the situs of his adjudication. Unless opposed in the statutorily prescribed manner of Article 31.04, the challenge is to be resolved in his favor without hearing evidence. The controverting affidavit is not intended as a complete paper answer to the defendant's challenge. It is not designed to enable the trial judge to resolve the ultimate issue upon motions and affidavits. Rather, the controverting affidavit is intended as a counter-challenge to the mode of decision, not to the defendant's position on the ultimate issue. A proper controverting affidavit prevents decision on the basis of paper offerings and requires a hearing with live testimony and evidence. It is for this reason that Article 31.04 narrowly defines the proper scope of the controverting affidavits. They must attack the defendant's affiants or the basis for their opinions, not to totally resolve the venue question but to prevent their affidavits from providing a credible, exclusive basis for the trial court's decision.

■ The vast majority of cases dealing with change of venue decisions have involved the State's failure to file any controverting affidavits. With few exceptions, error was waived by the failure of the defendants to object to the trial court proceeding with evidence and testimony at a hearing on the motion. *Fields, supra; Puryear v. State,* 510 S.W.2d 356 (Tex.Cr.App. 1974). By permitting the court to hear testimony, the defendant concedes that a fact issue is drawn. He waives his entitlement as a matter of law to a change of venue, and the appellate court may look to

the entire record to determine if, in fact, a fair jury was formed. *Von Byrd v. State,* 569 S.W.2d 883 (Tex.Cr.App.1978); *Freeman v. State,* 556 S.W.2d 287 (Tex.Cr.App. 1977); *Jones v. State,* 489 S.W.2d 618 (Tex. Cr.App.1973). In this case, no testimony was offered. The court inquired of the State if any evidence was to be presented, and the State's attorney rested upon his "controverting" affidavits. The Appellant's careful counsel pressed the court for a decision as a matter of law, specifically addressing the defects in the State's affidavits. He also declined the court's suggestion of attempting to seat a jury before rendering a decision. Thus, there is no waiver in this case.

Only a few opinions have dealt with challenges to the sufficiency of controverting affidavits which were filed. Most commonly, these involved challenges to the credibility of the controverting affiants and have uniformly upheld the trial courts' rulings. *Roy, supra; Mansell, supra.* In *Lemons v. State,* 128 S.W. 416, 419 (Tex.Cr.App.1910), the appellate court was confronted with an issue similar to that presented here. The defendant had demurred to the sufficiency of the State's controverting affidavits. The appellate court held that the language of Article 583 (identical to that of the present statute) was not to be strictly applied as long as the controverting affidavit addressed the credibility and source of knowledge of the defendant's affiants. If the controverting affidavit is insufficient in this regard, it is reversible error to overrule the defendant's demurrer and deny the change of venue. In *Lemons,* the controverting affidavit stated that the defendant's compurgators had insufficient knowledge and acquaintance of the people throughout the county to support their assertions. They were wholly unacquainted with the feelings and conditions in the county, "had not been over the county" sufficiently to form a correct idea, and were mistaken as to the extent of existing prejudice. The court held this to be a sufficient controverting affidavit. In addition, however, the defendant had permitted a hearing with testimony and had thus waived any right to a ruling as a matter of law.

Only two cases are directly on point with Appellant's case—*Davis v. The State,* 19 Tex.Cr.R. 201, 220–222 (1885) and *Carr v. The State,* 19 Tex.Cr.R. 635, 655–656 (1885). These were the first opinions dealing with this subject after the enactment of Code of Criminal Procedure, Article 583 in 1879. In *Davis,* the controverting affidavit denied the truth of the defendant's affidavits in the same manner as in this case. There, the State's affidavit went on to indicate that the first affiant was a relative of the defendant, the second affiant was a tenant of the first, and the remaining affiants were residents of the southern portion of the county, therefore unacquainted with the sentiment of the mass of people in the . county. The appellate court held the affidavit insufficient. The opinion stated that, to be sufficient, a controverting affidavit must allege that the reputations of the supporting affiants are bad or that their means of knowledge is insufficient to support and justify the statements contained in their affidavits.

In *Carr,* the defendant's motion and supporting affidavits alleged both community sentiment and dangerous, influential combination as bases for change of venue. The State's controverting affidavit challenged the affiants' means of knowledge with regard to a dangerous combination. It did not address the credibility of the affiants at all. With regard to community prejudice, it offered a response virtually identical to that presented in *Davis* and here. The controverting affidavit was found insufficient, and the cause was reversed.

Reliance is seldom placed on one-hundred-year-old cases without some trepidation. We note, however, that the language of Article 583 has been carried intact into Article 31.04. Both *Carr* and *Davis* were cited in *Durrough v. State,* 562 S.W.2d 488, 489 (Tex.Cr.App.1978). What is of greatest significance is the continued vitality of the framework for decision of change of venue cases, particularly the role of the controverting affidavit. It is not intended as a basis for ultimate decision but merely as an

impediment to decision on motion and affidavits alone. The content of the State's affidavits in this case would have been appropriate for presentation via live testimony at a hearing on Appellant's motion, but the State's affidavits failed to meet the requirements for shifting the issue into such a setting. No evidence was presented to challenge the Appellant's position. Consequently, the trial court erred in failing to grant the motion for change of venue as a matter of law. Ground of Error No. Three is sustained.

Accordingly, the judgment is hereby reversed and remanded for new trial.