Loyal E. LUNDSTROM, Appellant,

v.

The STATE of Texas, Appellee.

No. 898–84.

Court of Criminal Appeals of Texas, En Banc.

April 23, 1986.

On Rehearing April 8, 1987.

Bill B. Hart, Eastland, for appellant.

Emory C. Walton, Dist. Atty., Robert Huttash, State's Atty., and Alfred Walker, First Asst., State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of the murder of his wife by a jury that assessed his punishment at life imprisonment. The conviction was affirmed by the Eleventh Court of Appeals. *Lundstrom v. State*, 678 S.W.2d 130 (Tex.App.—Eastland 1984). We granted appellant's petition to review the court of appeals' holding that appellant's motion for change of venue was properly overruled by the trial court.

At the time of the killing appellant and the deceased had been married for ten years and had five children. They operated a motel and a cemetery monument business together and were both prominent in local affairs. Appellant was the mayor pro tem of Cisco, a town of 4,200. His wife was president of the P.T.A. Both were active in their church.

The murder, appellant's flight from the State, his voluntary return, and preparations for his trial were covered extensively by the press that served Eastland County. Also uncovered and widely disseminated was the news that appellant had been convicted of manslaughter in the death of his first wife, in Minnesota. That conviction had been reversed by the Minnesota Supreme Court and appellant had not been retried.

Appellant's counsel filed a pretrial motion for change of venue alleging appellant could not receive a fair trial in Eastland County due to pervasive prejudice against him. The motion was supported by the affidavits of five residents of Eastland County in conformity with Article 31.03 V.A.C.C.P.[1] The State filed a motion alleging appellant *could* receive a fair trial in the county, supported by the affidavits of five residents.

When the motion for change of venue came for a hearing appellant contended that the State's affidavits did not properly controvert appellant's in accordance with 31.04, V.A.C.C.P., and appellant was therefore entitled to change of venue as a matter of law. The trial court decided "to treat your motion as a motion for summary ruling on the change of venue," denied the motion, and invited appellant to put on his evidence. Appellant's counsel, citing caselaw to the court holding that putting on evidence would waive his objection to the form of the State's controverting affidavits, declined to do so. No evidence was heard, and appellant's motion was denied.

 A defendant seeking a change of venue must file a written motion supported by affidavits of at least two credible residents of the county (known as compurgators), asserting that the defendant cannot receive a fair trial in that county due to either prejudice or a combination of influential persons against him. Article 31.03, supra. If the defendant's motion is not in the proper form, it is not error for the trial court to overrule it without a hearing. *Ward v. State*, 505 S.W.2d 832 (Tex.Cr. App.1974) (not supported by affidavits of at least two credible persons); *Donald v. State*, 453 S.W.2d 825 (Tex.Cr.App.1970) (motion not sworn); *Mankin v. State*, 451 S.W.2d 236 (Tex.Cr.App.1970) (motion supported only by the affidavit of defendant's attorney). If the motion is proper on its face, however, the defendant is entitled to a change of venue as a matter of law, unless the State properly challenges the defendant's motion. *Revia v. State*, 649 S.W.2d 625 (Tex.Cr.App.1983). As explained in *McManus v. State*, 591 S.W.2d 505, 516 (Tex.Cr.App.1980):

"... if no controverting affidavit is filed by the State, the defendant is entitled to

---

1. "(a) A change of venue may be granted in any felony or misdemeanor case punishable by confinement on the written motion of the defendant, supported by his own affidavit and the affidavit of at least two credible persons, residents of the county where the prosecution is instituted, for either of the following causes, the truth and sufficiency of which the court shall determine:

1. That there exists in the county where the prosecution is commenced so great a prejudice against him that he cannot obtain a fair and impartial trial; and
2. That there is a dangerous combination against him instigated by influential persons, by reason of which he cannot expect a fair trial."

a change of venue *as a matter of law.* [citations omitted] The reason that the defendant is entitled to this change as a matter of law is because in the absence of controverting evidence, there is no issue of *fact* to be resolved. When there is no issue of fact to be determined by the trial court, and no place for its exercise of discretion, it must grant the defendant's motion. This is the reason it is stated that in this situation, a defendant is entitled to such a change as a matter of law." [emphasis in original.]

 The defendant waives this right if he participates in a hearing on the motion when the State has filed no controverting affidavits or an improper controverting motion. "Where the defendant ... allows the trial court to hear the merits of the issue and to thus exercise its discretion in determining the issue of fact, he cannot thereafter argue that no issue of fact was raised and that he was entitled to the change as a matter of law." *Id.* See also *Fields v. State,* 627 S.W.2d 714 (Tex.Cr.App.1982); *Von Byrd v. State,* 569 S.W.2d 883 (Tex.Cr. App.1978). Therefore if the defendant, though entitled to a change of venue as a matter of law, nevertheless puts on evidence concerning the reasons for the change of venue, and allows the State to do so, the issue then becomes one of fact for the trial court to determine.

In the instant case appellant's motion was proper as to form and supported by affidavits of five residents of the county, who asserted that appellant could not receive a fair trial therein due to prejudice against him. The State contends, *inter alia,* that these affidavits were insufficient because they stated it was the "opinion" of the affiants that defendant could not receive a fair trial in Eastland County. The court of appeals held these affidavits defective: "The affidavits do not swear to the 'fact' that: 'There exists in the county where the prosecution is commenced so great a prejudice against him that he cannot obtain a fair and impartial trial.' See TEX. CODE CRIM.PRO.ANN. art. 31.03." *Lundstrom,* supra, at 133.

 The sentence quoted in the opinion is from 31.03, but from what source the word "fact" is quoted is unclear. It appears nowhere in 31.03, which states a change of venue may be granted "for either of the following *causes* ..." (Emphasis added.) Of course whether great enough prejudice exists to deny appellant a fair trial was a question of the compurgators' opinions. In *Burleson v. State,* 131 Tex.Cr.R. 576, 100 S.W.2d 1019, 1021 (1937) (On State's motion for rehearing), affidavits saying "... we do not believe that a fair and impartial trial in this county can be had ..." were held sufficient. In *Runnels v. State,* 152 Tex.Cr.R. 545, 213 S.W.2d 545 (1948), the defendant was held entitled to a change of venue as a factual matter after thirteen witnesses testified it was their "opinion" he could not receive a fair trial. Those opinions must be *based* on facts, but sworn opinions alone are enough to raise the issue. *Id.,* at 546. Though it would perhaps have been preferable for appellant's compurgators simply to have sworn that appellant could not receive a fair trial, the affidavits need not follow the exact wording of the statute. *Hussey v. State,* 590 S.W.2d 505 (Tex.Cr.App.1979) ("... in our opinions, there does in fact exist ... a dangerous combination against the defendant ... by reason of which the defendant cannot expect a fair trial ..." was sufficient to comply with Article 31.03).

 Appellant's motion for change of venue was properly made and properly supported. That placed the burden on the State, if it wished to challenge the motion, to controvert appellant's affidavits in the manner prescribed by Article 31.04, V.A.C. C.P.:

"The credibility of the persons making affidavit for change of venue, or their means of knowledge, may be attacked by the affidavit of a credible person. The issue thus formed shall be tried by the judge, and the motion granted or refused, as the law and facts shall warrant."

The State in this case also filed affidavits from five persons, but these attacked neither the credibility nor the means of knowl-

edge of appellant's compurgators. Instead the State's affiants swore that appellant *could* receive a fair trial in the county.

The original of Article 31.04, stated in virtually identical language, was art. 583, passed in 1879. From the beginning it was held that this article supplied the only means by which the State could challenge a defendant's motion for change of venue. In *Davis v. The State*, 19 Tex.App. 201 (Ct.App.1885) the court of appeals interpreted the relatively new article:

"The State has the right to controvert the application; but in what manner? How must this be done? The manner is plainly pointed out in this article. This must be done by the affidavit of some credible person that the general reputation of the supporting affiants is bad ...; or by the affidavit of some credible person that their means of knowledge are not sufficient to support and justify the statements contained in their said affidavits ... The credibility or means of knowledge of the persons making the affidavit being thus attacked, an issue is formed between the defendant and the State ...

... Now, if there be no affidavit of a credible person made controverting the affidavit [*sic:* credibility?] of the defendant's supporting affidavits, the change must be granted, because there is no issue between the parties. But where the affidavit of some credible person is made controverting the credibility or the means of knowledge of the compurgators, an issue is formed; and, until this be done, there being no issue between the parties, there is nothing 'to be tried and determined' by the judge."

*Id.*, at 221–222. In *Davis* the district attorney's affidavits only asserted that the defendant could receive a fair trial, and so did not properly controvert the defendant's affidavits. (The defendant, however, waived his right to a change of venue by putting on evidence at a hearing.) *Id.*, at 222–223.

*Carr v. The State*, 19 Tex.App. 635 (Ct.App.1885), from that same year, reversed and remanded a case in which the State filed nine affidavits in response to the defendant's application for change of venue, "but neither the credibility or means of knowledge of defendant's supporting affiants is attacked." *Id.*, at 656.

These hundred year old cases have been cited as recently as *Durrough v. State*, 562 S.W.2d 488 (Tex.Cr.App.1978) (capital murder conviction reversed because the State filed no controverting affidavits) and *Turner v. State*, 641 S.W.2d 383 (Tex.App.—El Paso 1982, PDR ref'd) (a case directly on point with the instant case but reaching an opposite result from that of the court of appeals herein).

The State cites two cases of the same approximate vintage as *Davis* and *Carr*, *Dunn v. The State*, 7 Tex.App. 600 (Ct.App.1880), and *Meuly v. State*, 26 Tex.App. 274, 9 S.W. 563 (1888), for the proposition that the State need file *no* controverting affidavits in order to make a factual issue of the change of venue question. Any language to that effect in those cases is dicta because in both *Dunn* and *Meuly* the State *did* properly controvert the defendant's affidavits and evidence was heard on the issue. Furthermore, a hundred years of precedents since have held the opposite, that a defendant is entitled to the change of venue as a matter of law when the State files no controverting affidavits. *Revia*, supra; *Durrough*, supra; *Roy v. State*, 608 S.W.2d 645, 647 (Tex.Cr.App.1980).

The State further contends that its affidavits did properly controvert appellant's. By asserting that appellant could receive a fair trial, the State's affiants implicitly attacked the credibility or means of knowledge of appellant's compurgators who asserted he could not.

The Legislature, however, has been very specific as to the manner in which the State is to controvert a defendant's affidavits. In one hundred years of judicial interpretation that Article 31.04 and its predecessors describe the *only* methods by which the State may make such a challenge, the Legislature has seen fit to leave the article virtually unchanged, through three incar-

nations of the Code of Criminal Procedure.[2]

Before art. 583 went into effect in 1879 it was not entirely clear how the State could challenge a defendant's application for change of venue. In 1875 the State attempted the method used by the State in the instant case: filing affidavits that simply contradicted the defendant's. In *Walker v. The State*, 42 Tex. 360 (1875), the defendant had filed a proper application for change of venue supported by three affidavits. The State filed forty-nine "controverting" affidavits alleging the defendant could receive a fair trial in the county, but not directly attacking the credibility or means of knowledge of the defendant's compurgators. The Texas Supreme Court found these forty-nine affidavits insufficient to raise a fact issue, reasoning thusly:

> "Supposing the three persons supporting the defendant's application to be credible, which we must, as their credibility was not attacked, the law had been complied with, which, *prima facie*, gave him the right to have the venue changed. If that is allowed to be resisted and overborne by counter affidavits of a negative character, such as that in this case, made by a number of persons, the determination of his right to a change of venue would descend into a struggle between him and the District Attorney to get the greater number of persons to swear for and against the application; and the stronger the prejudice against him the more certain would be his defeat if thus determined."

*Id.*, at 377.

▪ The State must instead show that the defendant has *not* made out a *prima facie* case for change of venue, because his supporting affidavits are not to be believed. It is in this way the legal issue becomes a factual issue, and evidence is to be heard from both sides. The Legislature apparently found this method satisfactory, because art. 583, enacted four years later,

is essentially a codification of the holding of *Walker*.

The State's affidavits in the instant case were, under 31.04, insufficient to raise a factual issue, and appellant was entitled to a change of venue as a matter of law.

Finally, the court of appeals noted that individual voir dire was granted in this case, allowing appellant's counsel to question each prospective juror as to his ability to afford appellant a fair trial, free of prejudice. "We note that all twelve jurors were accepted by appellant and that appellant did not use all of his peremptory challenges. See Von Byrd v. State [supra]." *Lundstrom*, supra, at 134. This observation misses the point. *Von Byrd*, as noted supra, was a case in which the defendant waived his right to change of venue as a matter of law by putting on evidence. The issue thus became one of fact, in which it was appropriate for this Court to review all the circumstances militating against a finding of prejudice. In appellant's case that stage was never reached. He remained entitled to a change of venue as a matter of law, no matter what the veniremen said during voir dire: "... the selection of an unbiased jury is insufficient to satisfy the State's burden to join issue with a motion for change of venue." *Fields v. State*, 627 S.W.2d 714, 719 (Tex.Cr.App.1982).

Appellant properly moved for change of venue and the State failed to controvert that motion in the manner prescribed by Article 31.04. Appellant was therefore entitled to a change of venue as a matter of law. It was error to deny his motion.

The judgments of the trial court and the court of appeals are reversed and the cause is remanded to the trial court for new trial.

MILLER, Judge, concurring.

The dissent "gleans" that once the defendant files his affidavits supporting a motion for change of venue, the State's controverting affidavits need only "show that such prejudice does not exist." (At

---

2. The article has not gone completely ignored. In the 1925 version of the Code of Criminal Procedure the long last sentence of the original was broken into two sentences, and in 1965 the word "motion" was substituted in place of the old "application." Those have been the only changes in more than a hundred years.

287). To hold otherwise is, to paraphrase the dissent, to elevate the importance of magic phrases and incantations at the expense of the real substance of the issue and is further a retreat from this Court's recent moves away from the concept of "automatic" reversible error as exemplified in *Almanza v. State*, 686 S.W.2d 157 (Tex. Cr.App.1985) (abolishing the concept of automatic reversal in jury charge error); *Adams v. State*, 707 S.W.2d 900, (Tex.Cr. App.1986) (abolishing the concept of automatic reversal in motion to quash error); *Santana v. State*, 714 S.W.2d 1, (Tex.Cr. App. No. 68,930, delivered April 9, 1986) (abolishing the concept of automatic reversal in voir dire questioning error). I beg to differ with the dissenters on both points.

The Chapter 31, V.A.C.C.P. statutory means by which an issue concerning change of venue is joined, as consistently interpreted by this Court since the last century, acknowledges the trait of human nature that we seldom all agree on anything. It is plainly contemplated, it seems to me, that the State will always be able to get as many witness affidavits stating that the defendant can obtain a fair and impartial trial as the defendant will be able to get stating that he cannot. So rather than enter into the numbers game feared by Chief Justice Roberts in *Walker v. The State*, 42 Tex. 360 (1875), as quoted by the majority opinion (page 284), it is contemplated that if, at least two persons whose credibility or means of knowledge has not been attacked by affidavit under oath believe that the defendant cannot expect or obtain a fair trial, then no further proceedings are relevant to the question. The motion is to be granted as a matter of law notwithstanding the acknowledged reality that the State is most certainly able to find witnesses who have a contrary opinion.

The threshold question therefore is not whether the defendant can, as a matter of reality, receive a fair trial but whether at least two people in the community whose credibility and means of knowledge are unassailed believe that he can't expect or obtain one. Only when the credibility or means of knowledge of the witnesses has been challenged by affidavit [1] does the trial court enter into the determination of the merits of the motion.[2] At that point, as pointed out by Presiding Judge White in *Meuly v. State*, 26 Tex.App. 274, 9 S.W. 563 (1888) (cited as supportive by the majority and the dissent) the issue is the existence or non-existence of prejudice rather than the credibility or means of knowledge of the witnesses who swore to the affidavits.

This, in the wisdom of the Legislature, is the procedure and it is their prerogative to change this procedure or leave it substantially unchanged. As the majority correctly points out, they have since the 1800's chosen the latter course. At the risk of being redundant I must point out that the majority opinion, rather than being an "effort to promote form over substance" (dissenting opinion, opening sentence), is merely adhering to stare decisis and the Legislature's choice.

As a proponent of the holdings in *Almanza*, supra, *Adams*, supra, and *Santana*, supra, I feel further compelled to point out that the gist of those cases did not so much involve a change in what was error but rather promulgated a change in the effect of the commission of the error. If one wants to complain that the majority opinion is a retreat from the spirit of these cases, one might attack the majority for not finding that the error here was harmless in light of the fact a jury of seemingly fair and impartial citizens was in fact chosen.[3] But in maintaining that what has

1. A relatively easy feat to accomplish where the State truthfully believes their credibility or means of knowledge merits attack. See *Mansell v. State*, 364 S.W.2d 391, 395 (Tex.Cr.App.1963).

2. Except of course where the defendant waives such challenge by affidavit by proceeding to a hearing without objection. *Lewis v. State*, 505 S.W.2d 603 (Tex.Cr.App.1974).

3. The defense didn't use all his peremptory strikes, didn't object to any improper sustaining of State's challenges and didn't complain that any objectionable jurors served on the jury. Still the State neither makes such a harmless error contention nor asserts such a proposition in its petition for discretionary review (nor should such a contention be entertained for the first time on motion for rehearing). It must be

been error for a hundred plus years is *still* error, the majority in no way retreats from the spirit of *Almanza,* supra, *Adams,* supra, and *Santana,* supra.

With these comments, I join the majority opinion.

CAMPBELL, Judge, dissenting.

One would cast his eyes upon the land and not find a greater effort to promote form over substance than the majority opinion in the instant case. It is by all conceded that the controverting affidavits filed by the State in answer to appellant's motion for change of venue did not attack such motion by the specific magical incantation "no credibility or no means of knowledge". But can it seriously be doubted that the controverting affidavits attack the very heart of the appellant's motion for change of venue i.e., there existed in Eastland County so great a prejudice against him that he cannot obtain a fair and impartial trial?

The majority opinion would decry the overruling of precedent 100 years in age, and in doing so, sets its feet in the concrete of *Davis v. State,* 19 Tex.Ct.App. 201 (1885) and *Carr v. State,* 19 Tex.Ct.App. 635 (1885). So be it. Let us also then examine the holdings in *Meuly v. State,* 26 Tex.App. 274, 9 S.W. 563 (1888) and *Pierson v. State,* 21 Tex.App. 14, 17 S.W. 468 (1885).

In *Pierson,* supra, Presiding Judge White opined that a State's controverting affidavit was sufficient which contained a "general denial of the sufficiency of means of knowledge of the compurgators," without more. In other words, that Court sanctioned the mere conclusory recitation of one of the statutory requirements of attacking a defendant's motion for change of venue. But three (3) years later in *Meuly,* supra, the same Presiding Judge White explicated the following:

"To show that such prejudice did not exist manifestly tends most strongly to prove that they did not possess correct

means of ascertaining the truth of the matter."

Id., 9 S.W. at 564. Thus the same Court of Appeals that decided *Davis,* supra, and *Carr,* supra, acknowledged implicitly in *Meuly,* supra, that affidavits such as those filed by this State in the instant case would be sufficient to controvert the motion for change of venue in the instant case.

What I glean from all of these old cases is that the burden is on a defendant to file his motion for change of venue with supporting affidavits, and that the State must then either default by filing nothing, see *Durrough v. State,* 562 S.W.2d 488 (Tex. Cr.App.1978), or join issue by filing controverting affidavits to show that such prejudice does not exist. It may successfully controvert by means of a general denial of the "credibility" or "means of knowledge" of the defendant's compurgators, or it may, as in the instant case, generally deny that there exists "so great a prejudice against" the defendant or a "dangerous combination against" the defendant so that "he cannot expect a fair trial." See generally, Art. 31.03, V.A.C.C.P.

By elevating magic phrases or incantations such as "credibility" or "means of knowledge" to the sacred altar of fundamental error, the majority seriously erodes what a majority of this Court accomplished in *Almanza v. State,* 686 S.W.2d 157 (Tex. Cr.App.1985) and *Adams v. State,* 707 S.W. 2d 900 (Tex.Cr.App.1986). To such erosion, I vigorously dissent.

ONION, P.J., and TOM G. DAVIS and W.C. DAVIS, JJ., join in the dissent.

OPINION ON STATE'S MOTION
FOR REHEARING

WHITE, Judge.

■ On rehearing, the State Prosecuting Attorney argues that our opinion on original submission erroneously evaluated

---

remembered that in this case the appellant specifically relied on stare decisis and, after pointing out the relevant caselaw to the trial judge, gave up his right to present his evidence (as he

had to in order to preserve error) and relied on the hitherto unchallenged fact that he need make no record of further harm.

the State's controverting affidavits in the instant case. The majority held the State's affidavits failed for lack of specificity ("the Legislature, however, has been very specific as to the manner in which the State is to controvert the defendant's affidavits."). The majority concluded that, as a result, the appellant should have been granted a change of venue as a matter of law. *Lundstrom v. State* (No. 898–84 delivered April 23, 1986).

We now conclude that the dissenting opinion was correct on original submission and we adopt it. See *Dingler v. State*, 705 S.W.2d 144, 150 (Tex.Cr.App.1984).

In accordance with the decisions of *Dunn v. State*, 7 Tex.App. 600 (1880), *Pierson v. State*, 21 Tex.App. 14, 17 S.W. 468 (1885), and *Meuly v. State*, 26 Tex.App. 274, 9 S.W. 563 (1888), we find that affidavits, such as those filed by the State in the instant case, substantially controverted those filed by the appellant and therefore complied with Article 31.04, V.A.C.C.P., in order to join the issue of the defendant's entitlement to a change of venue. To the extent they are in conflict, *Davis v. State*, 19 Tex.App. 201 (1885), *Carr v. State*, 19 Tex.App. 635 (1885), and their progeny are overruled.

We hold that appellant was not entitled to a change of venue as a matter of law. The trial court did not err in overruling the appellant's motion.

The judgments of the trial court and the Court of Appeals are affirmed.

CLINTON, DUNCAN and TEAGUE, JJ., dissent.

MILLER, J., dissents for the reasons stated in his concurring opinion on original submission.