UNITED STATES of America,
Appellee,

v.

Willie SMITH, Appellant.

No. 72–1083.

United States Court of Appeals,
Fourth Circuit.

May 9, 1972.

Wade M. Smith, Charlotte, N. C., on brief for appellant.

Warren H. Coolidge, U. S. Atty., and Joseph W. Dean, Asst. U. S. Atty., on brief for appellee.

Before BOREMAN, Senior Circuit Judge, and BRYAN and WINTER, Circuit Judges.

PER CURIAM:

Appellant, Willie Smith, was convicted by a jury of aiding and abetting the theft of certain traveler's checks in violation of 18 U.S.C. § 2113(b) and 18 U.S.C. § 2 and he was committed to the custody of the Attorney General for eight years. The sole issue presented by this appeal is whether the district judge erred in failing to instruct the jury, *sua sponte*, that the testimony of accomplices should be carefully scrutinized.

■■ It is the general rule that in the absence of a request for an instruction on accomplice testimony, the trial judge is not required to give such an instruction. *E. g.* DeCarlo v. United States, 422 F.2d 237 (9 Cir. 1970). However, in some close cases where the uncorroborated testimony of an accomplice provides the sole basis for the government's case and where that testimony is shown to be unreliable or incredible, then the trial court's failure to give such an instruction may constitute reversible error. *E. g.* Tillery v. United States, 411 F.2d 644 (5 Cir. 1969).

■■ Smith's trial attorney made no request for an accomplice instruction and when asked by the court if there were any objections to the charge,

Smith's attorney stated that he had no objections. We feel that the present case is distinguishable from cases like Tillery v. United States, *supra,* and as such the trial judge was not required to give an accomplice instruction *sua sponte.*

The testimony of the two accomplices, Hines and Brown, was not unreliable or incredible. Each co-defendant's version of the facts tended to corroborate the other co-defendant. Moreover, a portion of their testimony was corroborated by the testimony of two police officers. Although both co-defendants denied involvement in the crime when initially questioned by the police, this does not make their trial testimony incredible. United States v. Maddox, 394 F.2d 297 (4 Cir. 1968). The conflict between their trial testimony and their statements to the police merely reflects on their credibility and since these contradictions were brought out by Smith's counsel on cross-examination, we feel the jury was in a position to carefully weigh the testimony. In addition the district judge instructed the jurors on their duty to closely scrutinize the testimony of the various witnesses.[1] While this instruction did not use the word "accomplice" we feel that it adequately advised the jury of the criteria to be used in evaluating the testimony of Hines and Brown. *See* United States v. Jones, 425 F.2d 1048 (9 Cir. 1970).

Accordingly, we dispense with oral argument and affirm the judgment below.

Affirmed.

---

[1]. You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You should carefully scrutinize the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether the witness is worthy of belief. Consider each witness's intelligence, motive, and state of mind, and his demeanor and manner while on the stand. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict and the extent to which, if at all, each witness is either supported or contradicted by other evidence.

A witness's credibility may be discredited or impeached by evidence that the witness has been convicted of a felony or admits the commission of a felony. If you believe any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.