**UNITED STATES of America,
Appellant,**

v.

**Patrick J. WELSH, Harold Dillon,
Larry Darwin Ellis, and John O.
Holley, Appellees.**

No. 84–5138.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 2, 1984.

Decided Oct. 15, 1985.

---

David A. Faber, U.S. Atty., Charleston, W.Va. (S. Benjamin Bryant, Asst. U.S. Atty., Charleston, W.Va., on brief), for appellant.

Dan O'Hanlon, Huntington, W.Va. (William A. Beckett, Beckett, Burford & James, David J. Lockwood, Lockwood & Egnor, Huntington, W.Va., on brief), for appellees.

Before WIDENER, HALL and ERVIN, Circuit Judges.

WIDENER, Circuit Judge:

Pursuant to 18 U.S.C. § 3731, the United States appeals the granting of defendants' motion to suppress certain evidence. We affirm the exclusion of the evidence.

The grand jury for the Southern District of West Virginia returned several indictments arising out of the interstate transportation of stolen property. In the first indictment we are concerned with, Patrick J. Welsh and Harold Dillon were charged with transporting stolen motor oil and a semi-trailer in violation of 18 U.S.C. § 2314. Dillon was also charged with theft of the oil from interstate shipment in violation of 18 U.S.C. § 659. In the second indictment, Larry Darwin Ellis and John O. Holley were charged with transporting in interstate commerce a stolen John Deere bulldozer in violation of 18 U.S.C. § 2314 and with receiving the bulldozer in violation of 18 U.S.C. § 2314. The third indictment charged Welsh, Keith Collins and Robert Keaton with transporting various stolen property in interstate commerce.

Following the indictments, the United States notified the defendants pursuant to Fed.R.Evid. 804(b)(5) of its intention to offer into evidence three written statements given to the FBI by Roger E. Massie. Massie had given a statement regarding each of the three indictments as part of a plea bargain agreement. Shortly after entering into the plea agreement and making the three statements in question, Massie committed suicide. After an evidentiary hearing, the district court held that the statements were inadmissible.

Fed.R.Evid. 804(b)(5) provides that a hearsay statement may be excepted from the hearsay rule and therefore be admissible at trial when the declarant is unavailable if the court determines "(A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence."

There is no dispute here that Massie is unavailable, making 804(b)(5) applicable if its other conditions are met. The district court concluded that the requirement that the evidence be more probative on the point at issue was not met. It reached that decision after finding that another government witness named James Casey could testify to the facts set out in Massie's statements.

Like Massie, James Casey was a truck driver who became involved in the interstate transportation of stolen property. In fact, Casey was the one who approached Massie about becoming involved in these illegal activities. In 1982 Casey was convicted of interstate transportation of stolen property. Following that conviction, Casey began to cooperate with the FBI and testified for the government in several such criminal trials. The government does not seriously dispute in its brief the district court's conclusion that Casey could testify to essentially the same facts as are con-

tained in Massie's statements, and, indeed, argued that the statement of Massie goes directly to the same facts as does Casey's testimony.

The government takes the position that Massie's statements are more probative than Casey's testimony because Casey is a witness whose credibility is open to question. Casey had lied to the FBI and committed perjury during his own trial. He had testified as a principal witness for the government at two criminal trials, both of which ended with not guilty verdicts. The government contends that those acquittals resulted primarily because the juries would not convict on the basis of Casey's testimony.[1] To summarize, the government argues that Massie's statements are more probative than Casey's testimony would be because Casey would not be a believable witness.

We think the government's position is not sound for it confuses the terms probative and credible. For evidence to be admissible under 804(b)(5) it must be more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts. FRE 804(b)(5)(B). The probative value of evidence is its "tendency ... to establish the proposition that it is offered to prove." *McCormick on Evidence*, 3rd Ed., § 185, at 541. Evidence has probative value if it tends to prove the issue in dispute. *United States v. Ball*, 547 F.Supp. 929 (E.D.Tenn.1981).

Credibility on the other hand goes to "the quality or power of inspiring belief." *Webster's 3rd New International Dictionary*, p. 532. "A credible witness is one who, being competent to give evidence, is worthy of belief." *Burleson v. State*, 131 Tex.Cr.R. 576, 100 S.W.2d 1019, 1020 (1936). The age-old instruction to jurors is that they are the sole judges of the credibil-

ity of the witnesses and the weight their testimony deserves. See *Federal Jury Practice and Instructions*, Devitt & Blackmar § 17.01 (3rd Ed.1977). In connection with the credibility of witnesses, the following are matters generally recognized and mentioned in Devitt & Blackmar which are so often applied in ascertaining credibility that extensive citation of authority is unnecessary. The testimony of an accomplice should be received with caution and weighed with great care and a guilty verdict should not be based upon his unsupported testimony unless believed beyond a reasonable doubt (§ 17.04; see *United States v. Smith*, 459 F.2d 12 (4th Cir.1972)); earlier contradictory statements are admissible to impeach the credibility of a witness (§ 17.08; see FRE 801 and *Martin v. United States*, 528 F.2d 1157 (4th Cir.1975)); and conviction of a felony is admissible in determining the credibility of a witness (§ 17.09; see FRE 609). Casey apparently labored under all these handicaps. Therefore, there is some support for the government's argument that Casey is not a very credible witness.[2]

But, as a general rule, the credibility of a witness has nothing to do with whether or not his testimony is probative with respect to the fact which it seeks to prove. While it might be thought that the testimony of a disinterested witness, for example, who is completely disbelieved would not be probative, such is not the case for the law does not consider credibility as a component of relevance. See *McCormick* at 543 and n. 20. Relevance and probativeness are closely related in this regard but credibility is not a component of either.

Thus, the finding of the district court that Massie's statement was essentially the same thing that Casey would

---

**1.** We have no occasion to consider the available testimony of other witnesses concerning the same facts which were the subject of Casey's testimony and Massie's statement.

**2.** This argument is weakened substantially, however, by the fact that the government had con-

siderable evidence to corroborate Massie's statements, and that much of this evidence would also have corroborated Casey's testimony, thereby making Casey a more credible witness than he would initially appear to be.

testify to is determinative of the case. Massie's statement is not "more probative on the point for which it was offered than any other evidence which the proponent can procure through reasonable efforts." FRE 804(b)(5)(B). Casey's proposed testimony is just as probative as Massie's statement, although Casey may be a less credible man than was Massie.

We are thus of opinion the district court was correct in its holding, and the order appealed from is

AFFIRMED.

HALL, Circuit Judge, dissenting:

Under the highly unusual circumstances of this case, I cannot accept the majority's conclusion that Casey's proposed testimony is just as probative as Massie's statements. As the majority so cogently points out, Casey had lied to the FBI, committed perjury during his own trial, and had testified as a principal witness for the government at two criminal trials, both of which ended with not guilty verdicts. In my view, Casey's testimony has been shown to be so unworthy of belief as to lack any probative value whatsoever. On the other hand, the government has demonstrated a high degree and impressive quality of corroboration attributable to the statements given to the FBI by the deceased Massie. I would, therefore, hold that Massie's statements are clearly more probative than Casey's and that they meet all the criteria for admission under Fed.R.Evid. 804(b)(5). Accordingly, I would reverse as an abuse of discretion the district court's order refusing to admit Massie's statements into evidence in the proceedings below.