Bernard R. SMITH, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–624.

United States Court of Veterans Appeals.

Submitted April 15, 1991.

Decided Jan. 15, 1992.

Arthur Cohen, was on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and David W. Engel, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and MANKIN and IVERS, Associate Judges.

PER CURIAM:

Appellant, Bernard R. Smith, seeks reversal of a January 26, 1990, Board of Veterans' Appeals' (BVA or Board) decision which denied his reopened claim for Department of Veterans Affairs (VA) benefits. The BVA found that appellant's varicocele and hemorrhoids were not service connected. On appeal to this Court, appellant argues that the denial of benefits is based on erroneous conclusions drawn from the evidence presented. The Secretary in turn urges the Court to uphold the BVA's decision, arguing that the BVA's findings are not clearly erroneous.

In 1987, VA informed appellant that his service records were burned in 1973. Consequently, the positive evidence in favor of appellant consisted principally of his sworn statements and testimony that he was kicked in the groin during service and has suffered since. The BVA concluded that without service medical records to verify that appellant received treatment or a diagnosis while in service, the Board had no choice but to deny him benefits. This is not true; VA regulations do not provide that service connection can only be shown through medical records, but rather allow for proof through lay evidence. 38 C.F.R. § 3.303(a). *See* 38 U.S.C. § 1154(a) (formerly § 354(a)). As we said in *Cartright:*

[a]ppellant's sworn statement, then, unless specifically found incredible or sufficiently rebutted, may serve to place the evidence in equipoise. The Secretary cannot ignore appellant's testimony simply because he is an interested party. *Cartright v. Derwinski,* 2 Vet.App. 24 (1991).

Furthermore, the BVA decision at hand contains neither an analysis of the credibility or probative value of the evidence submitted by the veteran, nor a statement of the reasons or bases for the Board's implicit rejection of this evidence. As we noted in *Gilbert,* a "bare conclusory statement, without both supporting analysis and explanation, is neither helpful to the veteran, nor 'clear enough to permit effective judicial review,' nor in compliance with statutory requirements." *Gilbert v. Derwinski,* 1 Vet.App. 49, 57 (1990). Appellant here has never been provided with a satisfactory explanation by the BVA as to why his sworn testimony is not "sufficient evidence" of service connection for his varicocele and hemorrhoids, especially why, under "the benefit of the doubt" standard set forth in 38 U.S.C. § 5107(b) (formerly § 3007), the evidence was not at least in relative equipoise, in which case "the law dictates that [the claimant] prevails". *Gilbert,* 1 Vet.App. at 55. *See Cartright,* 2 Vet.App. 24.

The need to supply these reasons or bases is particularly important where, as in appellant's case, the records have been lost: "where service medical records are presumed destroyed ... the BVA's obligation to explain its findings and conclusions ... is heightened." *O'Hare v. Derwinski,* 1 Vet.App. 365 (1991). Because the Board's decision fails to provide an adequate explanation for the apparent dismissal of evidence favorable to appellant's claim and its conclusion that appellant's impairment is not service connected, the Board's decision is VACATED and the matter is REMANDED pursuant to section 38 U.S.C. § 7104(d)(1) (formerly § 4004) (1988).