989 F.2d 496
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Curtis D. HORNE, Defendant-Appellant.
 No. 91-5675.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 25, 1993
Decided: March 25, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CR-91-63-D)
 Parks N. Small, Federal Public Defender, Columbia, South Carolina, for Appellant.
 E. Bart Daniel, United States Attorney, Scott N. Schools, Assistant United States Attorney, Charleston, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before HALL, NIEMEYER, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Curtis D. Horne appeals his jury conviction for armed bank robbery, in violation of 18 U.S.C.A. § 2113(a), (d) (West 1988 & Supp. 1992), carrying a firearm while committing a felony, in violation of 18 U.S.C.A. § 924(c) (West Supp. 1992), being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g) and § 924(a) (West Supp. 1992), transporting a stolen firearm, in violation of 18 U.S.C.A. § 922(i) and § 924(a)(2) (West 1988 & Supp. 1992), and the interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312 (1988). Horne was sentenced to 502 months in prison under provisions of the Armed Career Offender Act, 18 U.S.C.A. § 924(e) (West 1976 & Supp. 1992). Counsel for Horne filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), suggesting three possible issues on appeal and Horne filed a supplemental brief on two of the same issues. Because we discern no reversible error in the proceedings below, we affirm.
 
 
 2
 Horne claims that five latent fingerprint cards prepared by a South Carolina policeman should not have been admitted into evidence because a continuous chain of custody was not established. Establishing such a chain of custody is not required as long as the district court is satisfied the item is what it purports to be and has not been altered. United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir.), cert. denied, 459 U.S. 874 (1982). There is no question that the five cards which Sergeant Richard Knox testified that he gave to South Carolina Law Enforcement Division Agent Steven Derrick were the same five cards Derrick produced at trial. The district court did not abuse its discretion in admitting this evidence.
 
 
 3
 Horne also claims that he was denied his rights under the Sixth Amendment because he was frustrated in cross-examining Knox about Knox's written comments on the fingerprint cards. Out-of-court statements offered to prove the truth of the matter asserted are hearsay and inadmissible unless they meet one of the exceptions to the hearsay rule. Fed. R. Evid. 801(c); 802. The use of hearsay in a trial does not run afoul of the Confrontation Clause if the declarant was unavailable to testify and adequate indicia of reliability exist. White v. Illinois, 60 U.S.L.W. 4094 (U.S. 1992); Ohio v. Roberts, 448 U.S. 56, 66 (1980). A separate inquiry into reliability is not necessary when the evidence meets a hearsay exception. Bourjaily v. United States, 483 U.S. 171, 183 (1987). This Court has held that when the requirements of Fed. R. Evid. 804(b)(5) are met, the Confrontation Clause is satisfied. United States v. Workman, 860 F.2d 140, 144-46 (4th Cir. 1988), cert. denied, 489 U.S. 1078 (1989). The Confrontation Clause guarantees an opportunity for cross-examination, but not that crossexamination will be effective. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986).
 
 
 4
 Rule 804(b)(5) is a residual hearsay exception operating when the declarant is "unavailable" to testify. This exception to the hearsay bar requires circumstantial guarantees of trustworthiness. The hearsay statement must be material and more probative than other evidence, its admission must best serve the interests of justice, and the adverse party must receive sufficient notice. Fed. R. Evid. 804(b)(5).
 
 
 5
 Here, Knox's written comments on the fingerprint cards are hearsay and putatively inadmissible. The Government wanted this information admitted to prove that Horne's fingerprints were in the stolen truck that was linked to the bank robbery. Knox testified about making those notations and Horne cross-examined Knox, but under crossexamination Knox could not provide the exact locations in the vehicle where he found Horne's prints. Knox told Horne that information was on the five fingerprint cards that Knox had given to Derrick. Derrick did not testify until the following day after Knox had been excused.
 
 
 6
 An unavailable declarant may include a witness who testifies to a lack of memory of the subject matter of the declarant's statement. Fed. R. Evid. 804(a)(3). Knox's inability under cross-examination to recall the location and number of prints taken from the truck falls within this definition. A witness can be subject to cross-examination and also be found "unavailable" for purposes of Rule 804(a)(3). United States v. Owens, 484 U.S. 554, 563-64 (1988). Further, there is no suggestion of wrongdoing on the part of the Government-the proponent of the hearsay-which would bar a finding that Knox was unavailable. Fed. R. Evid. 804(a). We also note that Horne did not subpoena Knox to return to the stand after Derrick had testified and the fingerprint cards were admitted into evidence.
 
 
 7
 The other conditions of Rule 804(b)(5) were also met. The notations were offered to prove that Horne was the driver of the stolen truck which crashed-a factual basis for a series of inferences leading to the fact that Horne was the bank robber. This identification evidence was material and more probative than other testimony, where witnesses at trial could not positively identify Horne. See United States v. Welsh, 774 F.2d 670, 672 (4th Cir. 1985). In fact, the interests of justice would be disserved if the fingerprint information were excluded because Derrick, who had the cards, could not be in court on the same day that Knox was scheduled to testify. See Workman, 860 F.2d at 146.
 
 
 8
 The parties do not discuss the notice requirement of Rule 804(b)(5). The Government states in its brief that Horne was on notice about Knox's notations on the fingerprint cards on the day Knox testified and that Horne could have cross-examined Knox in more detail about the cards. While courts tend to strictly construe the notice requirements of the residual hearsay exceptions, United States v. Heyward, 729 F.2d 297, 299 n.1 (4th Cir. 1984), cert. denied, 469 U.S. 1105 (1985), we note that Horne did not claim surprise that Knox and Derrick were going to testify or that fingerprint evidence would be introduced. Horne makes no argument that he lacked Knox's name or address or the substance of his testimony before trial began. The strength of the Government's fingerprint evidence rested with Derrick's testimony, because Derrick compared the prints. Further cross-examination of Knox would not have contradicted Derrick's testimony that Horne's prints were found in the stolen truck. Therefore, we hold that the notations on the fingerprint cards bore sufficient guarantees of trustworthiness to be admissible and that the requirements of Rule 804(b)(5) and of the Sixth Amendment were satisfied. See Workman, 860 F.2d at 144-46. Any limitation on Horne's cross-examination of Knox was harmless error. Van Arsdall, 475 U.S. at 684.
 
 
 9
 Finally, Horne claims the prosecutor's closing argument in rebuttal was improper and prejudiced Horne in front of the jury. The prosecutor referred to Horne as an "ex con" and someone with a prior record so "he knows a little bit about crime." Improper remarks during a closing argument to the jury deny due process only if they so infect the trial with unfairness that reversal is required. Darden v. Wainwright, 477 U.S. 168, 181 (1986); United States v. Harrison, 716 F.2d 1050, 1051 (4th Cir. 1983), cert. denied, 466 U.S. 972 (1984). The test for reversible prosecutorial misconduct consists of two components: the remarks must have been improper and must have prejudicially affected the defendant's substantial rights. United States v. Chorman, 910 F.2d 102, 113 (4th Cir. 1990). Curative jury instructions can cure possible prejudice to a defendant from an improper closing argument. United States v. Elmore, 423 F.2d 775, 781-82 (4th Cir.), cert. denied, 400 U.S. 825 (1970).
 
 
 10
 Here, the prosecutor's comments did not prejudicially affect Horne's substantial rights. Horne's counsel spent much time in his closing argument arguing for the possibility that someone other than Horne committed the five charged offenses. The prosecutor made two references to Horne's criminal record in his rebuttal: that Horne was an "ex con" and that Horne had a "prior record," so "he knows a little bit about crime." The prosecutor's remarks were not extensive-simply two short references to which Horne immediately objected and which the district judge addressed with an instruction. The jury was aware, by a previously admitted stipulation, that Horne was a convicted felon. The evidence of Horne's guilt was overwhelming. There was no reversible error. See United States v. Newman, 849 F.2d 156, 163 (5th Cir. 1988) (admission of non-testifying defendant's prior convictions permitted under Rule 806 and otherwise harmless error because evidence of guilt overwhelming and some convictions already properly admitted).
 
 
 11
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for appeal. We, therefore, affirm the judgment of the district court.
 
 
 12
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. § 3006A), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.*
 
 
 13
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We deny Horne's motion to appoint counsel and to strike the Anders brief