# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-754

DAVID C. MORAN,                                                    APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                          APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY and STEINBERG, *Judges.*

## O R D E R

The appellant appeals a January 29, 1999, decision of the Board of Veterans' Appeals (BVA) that denied a claim for service connection for post-traumatic stress disorder (PTSD). The appellant argues in his brief, inter alia, that 38 C.F.R. § 3.304(f) is invalid on the ground that it imposes on noncombat veterans seeking service connection for PTSD an evidentiary burden that is greater than that required for other disabilities. Specifically, a noncombat veteran seeking service connection for PTSD must provide "credible supporting evidence that the claimed in-service stressor occurred." 38 C.F.R. § 3.304(f) (2001); *see Doran v. Brown*, 6 Vet.App. 283, 288-89 (1994). Whereas an appellant seeking service connection for a disability other than PTSD may show in-service incurrence or aggravation of a disease or injury by lay evidence. *See* 38 U.S.C. § 1154(a); 38 C.F.R. § 3.303(a) (2001); *see also Smith v. Derwinski*, 2 Vet.App. 147, 148 (1992) (per curiam order); *Cartright v. Derwinski*, 2 Vet.App. 24, 25-26 (1991).

In view of the appellant's argument, the Court requires further briefing on the following questions: Does the provision of § 3.304(f) quoted above provide, in essence, that uncorroborated lay evidence as to a nonmedical question cannot meet the benefit-of-the-doubt threshold of 38 U.S.C. § 5107(b)? If so, is the Secretary authorized under 38 U.S.C. § 501(a)(1) to promulgate such a regulation?

Upon consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file and serve on the Secretary a supplemental memorandum addressing the questions above. It is further

ORDERED that, not later than 30 days after the appellant's service, the Secretary file and serve on the appellant a supplemental memorandum responding to the appellant's memorandum and addressing the questions above. It is further

ORDERED that, not later than 14 days after the Secretary's service, the appellant may file and serve a reply. Pursuant to Rule 34 of the Court's Rules of Practice and Procedure, the Clerk will, after supplemental briefing is complete, schedule oral argument as the business of the Court permits.

DATED:     August 15, 2002          PER CURIAM.