**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4643**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

LATONIA WALLACE, a/k/a Pooter,

Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph Robert Goodwin, District Judge. (CR-03-187)

─────────────

Argued:  February 3, 2005                    Decided:  March 2, 2005

─────────────

Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.

─────────────

Reversed by unpublished per curiam opinion.

─────────────

**ARGUED:** Michael Lee Keller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellant.  Andrew Jeram Katz, THE KATZ WORKING FAMILIES LAW FIRM, L.C., Charleston, West Virginia, for Appellee. **ON BRIEF:** Kasey Warner, United States Attorney, Charleston, West Virginia, for Appellant.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In this case, the Government appeals the district court's grant of Latonia Wallace's motion to suppress certain statements made after Wallace entered into a plea bargain with the Government. The district court excluded these statements under Federal Rule of Evidence 403. For the following reasons, we find that the district court abused its discretion in so ruling.

I.

Wallace was indicted on November 13, 2003, by the federal grand jury for the Southern District of West Virginia for conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C.A. § 846 (West 1999) and for possession of ammunition for a firearm in violation of 18 U.S.C.A. §§ 922(g)(1) (West 2000) and 924(a)(2) (West 2000). Wallace surrendered to authorities in Columbus, Ohio, and was returned to West Virginia on December 31, 2003. On January 6, 2004, Wallace met with Detective T.C. Bramlee and the Assistant United States Attorney (AUSA) assigned to the case to provide information to the Government. Wallace and the Government had not entered into a plea bargain at that time.

During the January 6 meeting, Wallace admitted her role in the drug conspiracy and attributed 11.75 ounces of cocaine powder and 33.5 ounces of cocaine base to the conspiracy. On January 13,

2004, Wallace entered into a plea agreement with the Government. Pursuant to the plea agreement, the Government agreed to drop the firearm charge in exchange for Wallace's guilty plea on the drug conspiracy count. The plea agreement stated that Wallace's potential term of imprisonment was ten years to life.

On January 29, after the plea deal was signed but before Wallace's Federal Rule of Criminal Procedure 11 colloquy was conducted by the district court, Wallace again met with Bramlee and the AUSA to provide further information on the drug conspiracy. During this later meeting, Wallace told Bramlee that her co-conspirators were responsible for 18 ounces of cocaine powder and 69 ounces of cocaine base. Wallace's guilty plea was accepted by the district court on March 3. Shortly thereafter, Wallace's counsel filed a motion to withdraw and Wallace moved, pro se, to appoint new counsel. Wallace also moved to withdraw her plea at that time. After conducting a hearing, the district court granted all three motions.

Following the appointment of new counsel, Wallace moved to suppress certain statements she had made. Relevant here, Wallace moved, pursuant to Federal Rules of Evidence 403 and 410, to suppress the statements she gave to Bramlee and the AUSA on January 6 and January 29.[1] The Government conceded before the district

---

[1]Wallace also moved to suppress statements taken in July 2003 during a search of Wallace's residence in Huntington, West Virginia. The Government conceded that these statements were taken

court that the statements given on January 6 were inadmissible in its case in chief,[2] and the district court ruled that, under Federal Rule of Evidence 403, the January 29 statements were also inadmissible.[3]  The Government filed a timely appeal and the required certification under 18 U.S.C.A. § 3731 (West Supp. 2004).

## II.

The sole issue in this appeal is whether Rule 403 permitted the exclusion of the January 29 statements.  "A district court's evidentiary rulings are reviewed under the narrow abuse of discretion standard."  United States v. Grimmond, 137 F.3d 823, 831 (4th Cir. 1998).  Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."  Fed. R. Evid. 403.  Under this rule, "damage to a defendant's case is not a basis for excluding probative evidence," because "[e]vidence that

---

in violation of Miranda v. Arizona, 384 U.S. 436 (1966), and were inadmissible in its case in chief.

[2]The Government's concession was based on Federal Rule of Evidence 410(4), which provides for the exclusion of "any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or which result in a plea of guilty later withdrawn."  Fed. R. Evid. 410(4).

[3]The district court agreed with the Government that the January 29 statements were not inadmissible pursuant to Rule 410. On appeal, Wallace has not pressed Rule 410 as an alternate ground for affirmance.

4

is highly probative invariably will be prejudicial to the defense." Grimmond, 137 F.3d at 833; see also 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 404.21(3)(b) (Joseph M. McLaughlin, ed., 2d. ed. 2002) (noting that "[u]nfair prejudice under Rule 403 does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence") (emphasis omitted). "Rule 403 only requires suppression of evidence that results in unfair prejudice – prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice substantially outweighs the probative value of the evidence." United States v. Mohr, 318 F.3d 613, 619-20 (4th Cir. 2003) (quotation marks and emphasis omitted). Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180 (1997). In sum,

> [W]e have stated that undue prejudice occurs when there is "a genuine risk that the emotions of a jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence." Because the evidence sought to be excluded under Rule 403 is concededly probative, the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly.

United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996) (quoting United States v. Ham, 998 F.2d 1247, 1252 (4th Cir. 1993)).

5

The district court found that the danger of unfair prejudice substantially outweighed the probative value of the January 29 statements. The district court concluded that the probative value of the statements was "substantially diminished" because (1) "Wallace [in her January 29 statements] roughly doubled the amount of controlled substances attributed to her fellow conspirators;" and (2) because of the "presently undisputed account of Ms. Wallace's trouble with memory loss."[4] (J.A. at 163.) The district court also determined that the statements were unfairly prejudicial because "the jury will almost certainly abandon its obligation to carefully consider all of the evidence in this case" (J.A. at 164) once Wallace's statements were entered into evidence.

We believe that the district court abused its discretion in excluding the January 29 statements under Rule 403. First, the district court should not have considered Wallace's credibility in determining the probative value of these statements. It is "relatively clear that in the weighing process under Rule 403 the judge cannot consider the credibility of witnesses." 22 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 5214 (2d ed. 1994). As we have previously explained, "the credibility of a witness has nothing to do with whether or not his testimony is probative with respect to the fact which it seeks to

---

[4]The Pre-Sentence Report found that Wallace had been in a serious car accident and that "[Wallace] reported having short-term memory loss as a result of her injuries." (J.A. at 186.)

prove." United States v. Welsh, 774 F.2d 670, 672 (4th Cir. 1985) (emphasis added). The January 29 statements, as admissions of guilt, were highly probative. Questions regarding the effect of Wallace's short-term memory loss and the discrepancies between the drug amounts attributable to the conspiracy were questions of credibility for the jury and do not diminish the statements' probative value.

In addition, although the statements were undoubtedly prejudicial to Wallace, they were not unfairly prejudicial. Obviously, inculpatory statements are prejudicial to Wallace in that they damage her case. Rule 403, however, is concerned only with unfair prejudice, that is, prejudice resulting from the "capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief, 519 U.S. at 180. Evidence is unfairly prejudicial only when there is a "genuine risk that the emotions of a jury will be excited to irrational behavior." United States v. Bailey, 990 F.2d 119, 123 (4th Cir. 1993). No such risk exists in this case.[5] The inculpatory statements made by Wallace on January 29 will not excite the passions of the jury and lure them into convicting Wallace on a ground irrelevant to the charges against her.

---

[5]There is no suggestion that the Government intends to reveal that these statements were made after Wallace signed a plea agreement.

7

Rule 403 permits the exclusion of evidence when its probative value is substantially outweighed by its danger of unfair prejudice.  Wallace's inculpatory statements were highly probative and were not unfairly prejudicial.  Accordingly, we hold that the district court abused its discretion in excluding the statements under Rule 403.

## III.

For the foregoing reasons, the ruling of the district court is reversed.

REVERSED