KASOLD, Judge,
concurring in part and dissenting in part:
Mr. Washington filed his claim more than 10 years ago. Mr. Washington has had three VA examinations. Many of his service medical records were lost by the Secretary. His claim has been remanded once by the Board and twice by this Court. Another remand should occur only if the law requires it and, in this case, I respectfully submit, it does not.
I agree with the majority that the decision of the Board in this instance is legally infirm. However, when a case has been developed for over 10 years and there is evidence supporting award of the claim, and the record before the Court permits only one resolution of the key factual issue — whether the preponderance of the evidence weighs against the claim — reversal, not remand, is warranted. See Pullman-Standard v. Swint, 456 U.S. 273, 292, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982) (“Where findings are infirm because of an *373 erroneous view of the law, a remand is the proper course unless the record permits only one resolution of the factual issue.” (emphasis added)); see also Padgett v. Nicholson, 19 Vet.App. 133, 146-47, 151 (2005) (en banc) (holding preponderance of the evidence must be against a claim before the claim can be denied; where factual record is insufficient, remand required), withdrawn on other grounds, 19 Vet.App. 334 (2005); Ortiz v. Principi, 274 F.3d 1361, 1365 (Fed.Cir.2001); Robinette v. Brown, 8 Vet.App. 69, 76 (1995) (“[T]he unique evidentiary burdens in the VA adjudication system ... permit a merits dis-allowance only where the evidence preponderates against the claim.”); Gilbert v. Derwinski, 1 Vet.App. 49, 54 (1990).
I disagree with the majority’s assessment that the agreement and representation by the Secretary and Mr. Washington to the Board that Mr. Washington’s testimony was both “competent and probative” was limited to an agreement that his testimony was deemed probative for admissibility purposes as opposed to probative as evidence. Each of the cases relied upon by the majority, Wood v. Derwinski, 1 Vet.App. 190, 193 (1991); Ashmore v. Derwinski, 1 Vet.App. 580, 582 (1991); and United States v. Welsh, 774 F.2d 670, 672 (4th Cir.1985), addresses the admissibility of evidence. See also Fortuck v. Principi, 17 Vet.App. 173, 179 (2003) (“When making determinations as to whether new and material evidence has been presented, both this Court and the Board must presume the credibility of the evidence and may not decline to reopen a claim for lack of new and material evidence merely because the proffered evidence is found to lack credibility.”). However, nothing in this case supports the conclusion that the agreement was focused on or limited to an admissibility determination.
Rather, every aspect of this case supports the conclusion that the Secretary was acting in his role as the initial trier of fact when he agreed with Mr. Washington — and represented to the Court and to the Board — that Mr. Washington’s testimony was probative. See Godfrey v. Brown, 7 Vet.App. 398, 410 (1995) (“initial review or determination” on a claim made by agency of original jurisdiction so that Board may review it); see also Disabled Am. Veterans v. Sec’y of Veterans Affairs, 327 F.3d 1339, 1347 (Fed.Cir.2003) (“[Sections] 511(a) and 7104(a) dictate that the Board acts on behalf of the Secretary in making the ultimate decision on claims and provides ‘one review on appeal to the Secretary’ of a question ‘subject to decision by the Secretary’ under [section] 511(a)”); id. at 1346 (“The Board is ‘primarily an appellate tribunal’ of the VA that decides appeals from denials of claims for veterans’ benefits.” (quoting Scates v. Principi, 282 F.3d 1362, 1366-67 (Fed.Cir.2002))). Because the trier of fact cannot find probative that which has no credibility, it is axiomatic that the Secretary, as the initial trier of fact, had agreed with Mr. Washington that his testimony was credible. See Layno v. Brown, 6 Vet.App. 465, 469 (1994) (credibility “is a factual matter going to the probative value of the evidence”); see also Commonwealth Land Title Ins. Co. v. Barber, 95 B.R. 684, 688 n. 13 (1988) (“Unless credible, testimony can carry no probative weight as evidence.”)
If the parties wanted to limit their agreement regarding Mr. Washington’s testimony to one of admissibility, they could have easily stated that fact; they did not. Moreover, if they were simply agreeing to the admissibility of Mr. Washington’s testimony, they should have agreed that the matter would have to be remanded for the RO to assess Mr. Washington’s testimony in the first instance, or Mr. Washington would have had to waive con *374 sideration of his testimony in the first instance by the Board. See Bernard, v. Brown, 4 Vet.App. 384, 394 (1993) (“[W]hen ... the Board addresses in its decision a question that had not been addressed by the RO, it must consider whether the claimant has been given adequate notice of the need to submit evidence or argument on that question and an opportunity to submit such evidence and argument and to address that question at a hearing, and, if not, whether the claimant has been prejudiced thereby”; if neither situation is present, Board must remand the question to the RO for determination). Neither was done.
Further, the Board never treated Mr. Washington’s testimony as probative only for purposes of admissibility. If the Board had considered the Secretary’s representation of Mr. Washington’s testimony as probative only for admissibility purposes, it should have conducted a Bernard analysis to assess prejudice before it proceeded to consider his testimony in the first instance or discussed whether Mr. Washington had waived consideration of his testimony in the first instance by the RO. It did neither.[1]
Accordingly, when Mr. Washington’s testimony was presented to the Board, it was not being presented as probative — i.e., relevant — for admissibility purposes only. It was being presented as the assessment of the initial trier of fact that Mr. Washington’s testimony was probative as evidence — it was credible. See Layno and Commonwealth Land Title Ins. Co., both supra. Thus, the Board’s task was to decide Mr. Washington’s appeal of the Secretary’s denial of his claim, but to do so within the framework of the Secretary’s, as the trier of fact, having already found that Mr. Washington’s testimony of an in-service injury was credible.
Finally, although I agree with the majority that the Court should not, in the first instance, determine the corroborative value of the medical evidence in this case with regard to Mr. Washington’s statement, that is not the issue. The issue with regard to the medical evidence is one of medical nexus. Dr. Tabor’s assessment that Mr. Washington’s in-service injury could have been the cause of his current disability must be considered in the context in which it was rendered. Dr. Tabor did not simply address the in-service injury as a cause of his current disability. Rather, he considered several causative possibilities. He rejected the possibility that his current disability was secondary to his other service-connected disability and he rejected the possibility it was caused by drugs. Most importantly, it is clear from Dr. Tabor’s exam report that the only reason he did not definitively conclude that *375 Mr. Washington’s in-service injury was the cause of his current disability was because he erroneously thought service connection could only be based on an examination of Mr. Washington’s service medical records, which were lost. See Rowell, Smith and Cartright, all supra note 1. In this context, with no evidence in the record on appeal to the contrary, Dr. Tabor’s statement is evidence in favor of service connection.
It is uncontroverted that Mr. Washington had an in-service injury. There is •medical nexus evidence that his current disability is consistent with his reported injury and inconsistent with other considered possible causes. And, after 10 years of development, there is absolutely no evidence against Mr. Washington’s claim. The preponderance of the evidence in this record does not weigh against Mr. Washington’s claim; indeed, in the absence of any negative evidence, it weighs in his favor. The Board’s finding to the contrary should be reversed. See Pullman-Standard, Padgett, Ortiz, Robinette, and Gilbert, all supra.
For the foregoing reasons, I respectfully dissent.

. Indeed, the Board rejected Mr. Washington's statement because it was, in the Board's view, uncorroborated and because he was not competent as a layperson to render a medical opinion, not because he lacked credibility. Contrary to the Board's assertions, there is no requirement that Mr. Washington's statement be corroborated, and service connection may be shown through lay evidence. See Rowell v. Principi, 4 Vet.App. 9, 19 (1993) (Board must explain why lay evidence alone is insufficient to establish entitlement to benefits; holding lay evidence alone may be sufficient to establish benefits); Smith v. Derwinski, 2 Vet.App. 147, 148 (1992) (holding that "VA regulations do not provide that service connection can only be shown through medical records, but rather allow for proof through lay evidence” and that lay evidence may serve to place evidence in equipoise); Cartright v. Derwinski, 2 Vet.App. 24, 25-26 (1991) (Board cannot ignore appellant’s testimony simply because appellant is an interested party; lay evidence alone may be sufficient to establish benefits); see also Layno, 6 Vet.App. at 469 (lay testimony regarding observations of symptoms “may provide sufficient support for a claim of service connection, and it is error for the Board to require medical evidence to support that lay evidence”).